UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMC, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LANI MCPHERSON, et al.,<br><br>    Defendants. | Case No. 16-cv-07256-HSG<br><br>**ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 11 |

On December 20, 2016, Defendants Lani McPhearson and Liu Taniela (also known as Taniela Liu) removed this case from the California Superior Court for the County of Alameda. Dkt. No. 1. Having reviewed their notice of removal and Plaintiff's motion to remand, Dkt. No. 11-1, the Court finds that it does not have subject matter jurisdiction over this action and accordingly **REMANDS** the case to state court.

**I. BACKGROUND**

Plaintiff AMC, LLC is the owner of the real property located at 21701 Foothill Blvd., apartment #272, Hayward, California, in Alameda County (the "Property"). Dkt. No. 1, Ex. A at 2. Defendants have rented the Property since August 1, 2016, under a 12-month lease agreement (the "Agreement"). *Id.* at 3. Under the terms of the Agreement, Defendants were required to pay Plaintiff the sum of $1,865.00 per month on the first day of each month. *Id.* In early October, 2016, Defendants fell one month behind in rent. *Id.* On October 5, 2016, Plaintiff served Defendants with a written notice to pay Plaintiff the rent owed or to quit the Property within three days. *Id.* As of October 24, 2016, Defendants had not complied with the notice. *Id.* at 4. According to the underlying complaint, Plaintiff now seeks possession of the Property, damages for unpaid rental income, damages for the reasonable rental value of the Property, and attorneys'

1 fees and costs, in accordance with California Code of Civil Procedure § 1161.[1] *Id.* Plaintiff filed a motion to remand for lack of subject matter jurisdiction on February 9, 2017, which Defendants did not oppose. *See* Dkt. No. 11.

## II. ANALYSIS

When a case is removed to federal court, the Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded back to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Removal to federal court is only proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. As courts of limited jurisdiction, federal courts have original jurisdiction over civil actions (1) "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; or (2) involving parties with complete diversity of citizenship and an amount in controversy in excess of $75,000, 28 U.S.C. § 1332. A case only "arises under" federal law if "'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Pursuant to the "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

Defendants fail to show that removal is proper based on any federal law. Plaintiff's complaint is grounded in California state law. The complaint asserts only a single cause of action

---

[1] While the complaint does not specify that Plaintiff intended to bring this action under California Code of Civil Procedure § 1161, Plaintiff's motion to remand states that the case was brought under § 1161, Dkt. No. 11-1 at 1-2, and Defendants reference § 1161 in their notice of removal, Dkt. No. 1 at 2. The Court will therefore consider this case under § 1161.

2

for unlawful detainer. In their answer and notice of removal, Defendants stated that Plaintiff filed the notice to quit or the complaint to retaliate, which arbitrarily discriminated against Defendants in violation of the Constitution or the laws of the United States of America or California. *See* Dkt. No. 1, Ex. A at 6. Yet allegations in an answer or removal notice cannot provide this Court with federal question jurisdiction. Plaintiff's complaint does not allege any federal claims whatsoever.[2] Accordingly, the Court lacks subject matter jurisdiction.

### III. CONCLUSION

Because the Court lacks subject matter jurisdiction, it **REMANDS** the case to the California Superior Court for the County of Alameda, case no. HG-16836376. The Clerk is directed to return the case to the state court and to close the federal case.

**IT IS SO ORDERED.**

Dated: 4/19/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court also lacks diversity jurisdiction, as the amount in controversy is less than $75,000. *See* Dkt. No. 1, Ex. A at 2.

3